**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| CLYDE G. STEAGALL, INC., Plaintiff, | ) | |
| vs. | ) | **Case No. 07-130- C (Judge Wiese)** |
| THE UNITED STATES OF AMERICA, Defendant. | ) | |

DEFENDANT'S ANSWER

For its answer to plaintiff's complaint, defendant admits, denies, and alleges as follows:

1. Denies the allegations contained in paragraph 1 for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted.

2. Admits that the United States is the defendant.

3. The allegations contained in paragraph 3 are conclusions of law to which no response is required; to the extent they are deemed allegations of fact, they are denied.

4. Admits the allegations contained in paragraph 4 to the extent supported by the contract cited, which is the best evidence of its contents; otherwise, denies the allegations contained in paragraph 4.

5. Denies the allegations contained in paragraph 5 for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted.

6. Denies the allegations contained in paragraph 6 for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted.

7. Denies the allegations contained in paragraph 7 for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted.

8. Denies the allegations contained in paragraph 8 for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted.

9. Denies the allegations contained in paragraph 9 for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted.

10. Admits the allegations contained in paragraph 10 to the extent supported by the "contract documents" cited, which is the best evidence of their contents; otherwise, denies the allegations contained in paragraph 10.

11. Denies the allegations contained in paragraph 11 for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted.

12. Denies the allegations contained in paragraph 12 for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted.

13. Admits the allegation contained in paragraph 13 that "[d]elays occurred on the Project." Denies the remaining allegations contained in paragraph 13 for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted.

14. Denies the allegations contained in paragraph 14 for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted.

15. Denies the allegations contained in paragraph 15 for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted.

16. Denies the allegations contained in the first sentence of paragraph 16 for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted, as to whether this letter was sent immediately and as soon as Steagall was made aware of the situation. Avers that Steagall's Counsel, Robert Thurbon sent the NASA Contracting Officer a

letter dated October 17, 2003 informing NASA of "this development." Admits the allegation contained in the second sentence of paragraph 16 that the Project was delayed; otherwise, denies the allegations contained in the second sentence of paragraph 16 for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted.

17. Denies.

18. Admits only the allegation contained in paragraph 18 that "further delays" occurred during the project. Denies the remaining allegations contained in paragraph 18.

19. Denies.

20. Denies.

21. Denies the allegations contained in the first sentence of paragraph 21 for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted. Admits the allegation in the second sentence of paragraph 21 that Steagall's having to submit an acceptable work plan and layout to correct Steagall's previously incorrect installation delayed the project; otherwise, denies the allegation contained in the second sentence of paragraph 21.

22. Admits the allegation contained in the first sentence of paragraph 22 that the notice to proceed was issued on November 20, 2001; otherwise, denies the allegations contained in the first sentence of paragraph 22. Admits the allegations contained in the second sentence of paragraph 22 to the extent supported by the Contract cited, which is the best evidence of its contents; otherwise, denies the allegations contained in the second sentence of paragraph 22. Denies the allegations contained in the third sentence of paragraph 22. Denies the allegations contained in the fourth sentence of paragraph 22 regarding what the Contracting Officer's Technical Representative ("COTR") allegedly told Steagall; denies the remaining allegations contained in the fourth sentence of paragraph 22 for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted.

23. Denies.

24. Denies.

25. Denies the allegations contained in the first sentence of paragraph 25. Admits the allegations contained in the second sentence of paragraph 25 to the extent supported by the September 3, 2003 letter cited, which is the best evidence of its contents; otherwise, denies the allegations contained in the second sentence of paragraph 25. Admits the allegations contained in the third sentence of paragraph 25 to the extent supported by the September 3, 2003 letter cited, which is the best evidence of its contents; otherwise, denies the allegations contained in the third sentence of paragraph 25. Denies the allegations contained in the fourth sentence of paragraph 25. Denies the allegations contained in the fifth sentence of paragraph 25. Admits the allegations contained in the sixth sentence of paragraph 25 to the extent supported by the September 3, 2003 letter cited, which is the best evidence of its contents; otherwise, denies the allegations contained in the sixth sentence of paragraph 25.

26. Denies.

27. Denies the allegations contained in paragraph 27 for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted.

28. Admits the allegations contained in paragraph 28 to the extent supported by the April 10, 2003 letter cited, which is the best evidence of its contents; otherwise, denies the allegations contained in paragraph 28.

29. Admits the allegations contained in the paragraph 29 to the extent supported by the letter, which is the best evidence of its contents; otherwise, denies the allegations contained in paragraph 29.

30. Admits the allegations contained in paragraph 30, to the extent supported by the letter cited, which is the best evidence of its contents; otherwise, denies the allegations contained in

the first sentence of paragraph 30. Denies the allegations contained in the second sentence of paragraph 30.

31. Denies the allegations contained in the first, second, and third sentences of paragraph 31 for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted. Denies the allegations contained in the fourth sentence of paragraph 31.

32. Denies the allegations contained in paragraph 32 for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted.

33. Denies the allegations in the first, second, third and fourth sentences of paragraph 33. Denies the allegations contained in the fifth sentence of paragraph 33 for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted. Admits the allegations contained in the sixth sentence of paragraph 33 that default of Steagall's contract was contemplated after Steagall failed to finish the project by the Contract completion date and abandoned the job; otherwise, denies the allegations contained in the sixth sentence of paragraph 33.

34. Admits the allegations contained in paragraph 34 to the extent supported by the July 16, 2003 letter cited, which is the best evidence of its contents; otherwise, denies the allegations contained in paragraph 34.

35. Admits the allegations contained in the first sentence of paragraph 35 that on August 6, 2003, a meeting was held between the parties. Admits the remaining allegations contained in the first sentence of paragraph 35 and the allegation contained in the second sentence of paragraph 35 to the extent supported by the letter of August 11, 2003, which is the best evidence of its contents; otherwise, denies the remaining allegations contained in the first sentence of paragraph 35 and the allegations contained in the second sentence of paragraph 35. Denies the allegations contained in third sentence of paragraph 35. Admits the allegations contained in the fourth

sentence of paragraph 35, to the extent supported by the August 11, 2003 letter cited, which is the best evidence of its contents; otherwise, denies the allegations contained in the fourth sentence of paragraph 35.

36. Admits.

37. Admits the allegations contained in the first sentence of paragraph 37 to the extent supported by the August 25, 2003 letter cited, which is the best evidence of its contents; otherwise, denies the allegations contained in the first sentence of paragraph 37. Denies the allegations contained in the second sentence of paragraph 37 for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted.

38. Admits the allegations contained in paragraph 38 to the extent supported by the August 26, 2003 letter cited, which is the best evidence of its contents; otherwise, denies the allegations contained in paragraph 38.

39. Admits the allegations contained in the first sentence of paragraph 39 to the extent supported by the August 29, 2003 letter cited, which is the best evidence of its contents; otherwise, denies the allegations contained in the first sentence of paragraph 39. Admits the allegations contained in the second sentence of paragraph 39 to the extent supported by the letter cited, which is the best evidence of its contents; otherwise, denies the allegations contained in the second sentence of paragraph 39. Admits the allegations contained in the third sentence of paragraph 39 to the extent supported by the "cover letter enclosed with review comments" cited, which is the best evidence of its contents; otherwise denies the allegations contained in the fourth sentence of paragraph 39. Denies the allegations contained in the fourth sentence of paragraph 39 for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted.

40. Admits the allegations contained in paragraph 40 to the extent supported by the August 29, 2003 letter cited, which is the best evidence of its contents; otherwise, denies the allegations contained in paragraph 40.

41. Admits the allegations contained in the first and second sentences of paragraph 41 to the extent supported by the August 29, 2003 letter cited, which is the best evidence of its contents; otherwise, denies the allegations contained in the first and second sentences of paragraph 41. Admits the allegation contained in the third sentence of paragraph 41 that "the comments made by Mr. Williams did not affect the production of the project." Denies the remaining allegations contained in the third sentence of paragraph 41.

42. Admits the allegations contained in paragraph 42 to the extent supported by the September 2003 letters cited, which are the best evidence of their contents; otherwise, denies the allegations contained in paragraph 42.

43. Admits the allegations contained in the paragraph 43 to the extent supported by the September 3, 2003 letter cited, which is the best evidence of its contents; otherwise, denies the allegations contained in paragraph 43.

44. Admits the allegations contained in paragraph 44 to the extent supported by the September 3, 2003 Energy Change Order cited, which is the best evidence of its contents; otherwise, denies the allegations contained in paragraph 44.

45. Admits the allegations contained in the first and second sentences of paragraph 45 to the extent supported by the September 8, 2003 letter cited, which is the best evidence of its contents; otherwise, denies the allegations contained in the first and second sentences of paragraph 45. Denies the allegations contained in the third sentence of paragraph 45. Denies the allegations contained in the fourth sentence of paragraph 45 for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted. Denies the allegations contained in the

fifth sentence of paragraph 45. Admits the allegations contained in the sixth and seventh sentences of paragraph 45 to the extent supported by the September 8, 2003 e-mail cited, which is the best evidence of its contents; otherwise, denies the allegations contained in the sixth and seventh sentences of paragraph 45. Denies the allegations contained in the eighth and ninth sentences of paragraph 45.

46. Admits the allegations contained in the first sentence of paragraph 46 to the extent supported by the October 3, 2003 letter cited, which is the best evidence of its contents; otherwise, denies the allegations contained in the first sentence of paragraph 46. Admits the allegations contained in the second sentence of paragraph 46 that Steagall was not defaulted off the Project and that NASA assessed liquidated damages against Steagall; otherwise, denies the allegations contained in the second sentence of paragraph 46. Denies the allegations contained in the third sentence of paragraph 46.

47. Admits.

48. Admits the allegations contained in paragraph 48 to the extent supported by the December 30, 2003 letter cited, which is the best evidence of its contents; otherwise, denies the allegations contained in paragraph 48

49. Admits the allegations contained in paragraph 49 to the extent supported by the January 14, 2004 letter cited, which is the best evidence of its contents; otherwise, denies the allegations contained in paragraph 49.

50. Admits the allegations contained in paragraph 50 to the extent supported by the January 12, 2004 letter cited, which is the best evidence of its contents; otherwise, denies the allegations contained in paragraph 50.

51. Admits the allegations contained in the first and second sentences of paragraph 51 to the extent supported by the January 23, 2004 letter cited, which is the best evidence of its contents;

otherwise, denies the allegations contained in the first and second sentences of paragraph 51. Admits the allegations contained in the third sentence of paragraph 51 to the extent supported by the January 28, 2004 letter cited, which is the best evidence of its contents; otherwise, denies the allegations contained in the third sentence of paragraph 51.

52. Admits the allegations contained in paragraph 52 to the extent supported by the January 27, 2004 letter cited, which is the best evidence of its contents; otherwise, denies the allegations contained in paragraph 52.

53. Admits the allegations contained in the first and second sentences of paragraph 53 to the extent supported by the January 30, 2004 letter cited, which is the best evidence of its contents; otherwise, denies the allegations contained in the first and second sentences of paragraph 53. Denies the allegations contained in the third sentence of paragraph 53 for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted.

54. Admits the allegations contained in paragraph 54 to the extent supported by the February 2, 2004 letter cited, which is the best evidence of its contents; otherwise, denies the allegations contained in paragraph 54.

55. Admits the allegations contained in paragraph 55 to the extent supported by the February 5, 2004 letter cited, which is the best evidence of its contents; otherwise, denies the allegations contained in paragraph 55.

56. Admits the allegations contained in paragraph 56 to the extent supported by the February 6, 2004 letter cited, which is the best evidence of its contents; otherwise, denies the allegations contained in paragraph 56.

57. Admits the allegations contained in paragraph 57 to the extent supported by the February 19, 2004 letter cited, which is the best evidence of its contents; otherwise, denies the allegations contained in paragraph 57.

58. Denies.

59. Admits the allegations contained in paragraph 59 to the extent supported by the January 24, 2006 letter cited, which is the best evidence of its contents; otherwise, denies the allegations contained in paragraph 59.

60. Admits the allegations contained in paragraph 60 to the extent supported by the October 6, 2006 letter cited, which is the best evidence of its contents; otherwise, denies the allegations contained in paragraph 60.

61. Admits the allegations contained in paragraph 61 to the extent supported by the Contracting Officer's Final Decision cited, which is the best evidence of its contents; otherwise, denies the allegations contained in paragraph 61.

62. Admits.

63. Admits the allegation contained in paragraph 63 that NASA based the assessment of liquidated damages upon FAR clause 52.211-12; otherwise, denies the remaining allegations contained in paragraph 63.

64. Admits the allegations contained in paragraph 64 to the extent supported by the contract cited, which is the best evidence of its contents; otherwise, denies the allegations contained in paragraph 64.

65. Admits the allegations contained in paragraph 64 to the extent supported by the contract cited, which is the best evidence of its contents; otherwise, denies the allegations contained in paragraph 65.

66. Admits the allegations contained in paragraph 66 to the extent supported by the default clause cited, which is the best evidence of its contents; otherwise, denies the allegations contained in paragraph 66. The defendant further avers that the Default-Fixed-Price Supply and Service clause alleged has no applicability to this Contract.

67. Denies.

68. Defendant repeats and incorporates each response to each of the foregoing paragraphs of the complaint as if repeated fully.

69. Admits.

70. Admits the allegations contained in paragraph 70 to the extent supported by the January 24, 2006 letter cited, which is the best evidence of its contents; otherwise, denies the allegations contained in paragraph 70.

71. Admits the allegations contained in paragraph 71 to the extent supported by the Contracting Officer's Final Decision cited, which is the best evidence of its contents; otherwise, denies the allegations contained in paragraph 71.

72. Admits the allegation contained in paragraph 72 that NASA based the assessment of liquidated damages on FAR clause 52.211-12; otherwise, denies the remaining allegations contained in paragraph 72.

73. Admits the allegations contained in paragraph 64 to the extent supported by the contract cited, which is the best evidence of its contents; otherwise, denies the allegations contained in paragraph 73.

74. Admits the allegations contained in paragraph 64 to the extent supported by the contract cited, which is the best evidence of its contents; otherwise, denies the allegations contained in paragraph 74.

75. Admits the allegations contained in paragraph 75 to the extent supported by the default clause cited, which is the best evidence of its contents; otherwise, denies the allegations contained in paragraph 75.

76. Denies.

77. Denies.

78. Denies.

79. Denies.

80. The allegations contained in the first sentence of paragraph 80 are conclusions of law to which no response is required; to the extent they may be deemed allegations of fact, they are denied. Denies that plaintiff is entitled to the relief requested in the second sentence of paragraph 80.

81. Denies that the plaintiff is entitled to the relief requested in the "Wherefore" clause following paragraph 80 of the complaint or to any relief whatsoever.

82. Denies each and every allegation not previously admitted or otherwise qualified.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

JEANNE E. DAVIDSON
Director

FRANKLIN E. WHITE, JR.
Assistant Director

s/ David M. Hibey
DAVID M. HIBEY
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
1100 L Street, N.W.
Attn: Classification Unit
8th Floor
Washington, D.C. 20530
Tel: (202) 307-0163
Fax: (202) 514-8624

May 29, 2007

Attorneys for Defendant

CERTIFICATE OF FILING

I hereby certify that on this 29th day of May, 2007, a copy of the foregoing "Defendant's Answer" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/ David M. Hibey