**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| CLYDE G. STEAGALL, INC., Plaintiff, | ) | |
| v. | ) | **Case No. 07-130- C (Judge Wiese)** |
| THE UNITED STATES OF AMERICA, Defendant. | ) | |

**JOINT PRELIMINARY STATUS REPORT**

Pursuant to Rule 16 and Appendix A of the Rules of the United States Court of Federal Claims ("RCFC"), the parties hereby submit this joint preliminary status report.

a. **Does the Court have jurisdiction over this action?**

Plaintiff states that the Court possesses jurisdiction to consider and decide this action pursuant to 28 U.S.C. § 1491 and 41 U.S.C. § 601. At this time, defendant is not aware of any reason to challenge the Court's jurisdiction to entertain plaintiff's complaint.

b. **Should this case be consolidated with any other case?**

The parties agree that this case should not be consolidated with any other case.

c. **Should trial of liability and damages be bifurcated?**

The parties agree that the trial of liability and damages should not be bifurcated.

d. **Should further proceedings be deferred pending consideration of another case before this Court or any other tribunal and the reasons therefore?**

The parties agree that further proceedings in this case should not be deferred pending consideration of another case before this Court or any other tribunal.

e. **Will a remand or suspension be sought?**

Neither of the parties will seek remand or suspension.

f. **Will additional parties be joined?**

The parties agree that they will not join any additional parties.

g. **Does either party intend to file a dispositive motion pursuant to Rule 12(b), 12(c), or 56? And, if so, a schedule for the intended filing?**

After discovery has been completed, the parties will be in a better position to determine whether the filing of dispositive motions for summary judgment pursuant to Rule 56 is appropriate in this case.

h. **What are the relevant issues?**

1. Whether delays in completing the fabrication and installation of a power distribution system at the NASA Ames Research Center in Moffett Field, California (“Project”) were caused by the default of the plaintiff’s subcontractor beyond the control of the plaintiff and the subcontractor, and whether the subcontracted supplies or services were obtainable by the plaintiff from other sources in sufficient time to meet the required delivery schedule;

2.

3. Whether the Project was delayed by the actions of defendant;

4. Whether the plaintiff is entitled to damages and, if so, to what amount of damages is plaintiff entitled.

i. **What is the likelihood of settlement?**

Settlement of this lawsuit does not appear likely at this time. However, the parties will explore settlement options as the parties conduct discovery.

j. **<u>Do the parties anticipate proceeding to trial?</u>**

If dispositive motions are not filed, and the matter cannot be resolved through settlement, trial will be necessary. If dispositive motions are filed, and a trial is necessary to fully decide this case, the parties propose that the trial be held four to six months after the Court shall have ruled upon such motions. At this time, the parties anticipate that a trial would last approximately one week. The parties do not request expedited trial scheduling. The parties request that the trial be conducted in Sacramento, CA.

k. **<u>Are there special issues regarding electronic case management needs?</u>**

The parties have no special issues regarding electronic case management needs.

l. **<u>Is there other information of which the Court should be aware at this time?</u>**

There is a Miller Act action in Federal District Court, Northern District of California, San Jose Division between Steagall and subcontractors on the Project which is currently stayed pending the outcome of this action. (*The United States of America, for the use and benefit of Summers Group, Inc., a Delaware Corporation doing business as Rexel Pacific v. Clyde G. Steagall, Inc. et al.* Case No. C04-05458-JF/HRL)

m. **<u>What is the proposed discovery plan?</u>**

The parties intend to conduct simultaneous discovery through interrogatories, requests for admission, requests for production of documents, and/or depositions. The parties propose the following discovery schedule:

Exchange of Initial Disclosures August 3, 2007

| | |
|---|---|
| Close of Fact Discovery | April 14, 2008 |
| Expert Reports Exchanged | June 16, 2008 |
| Expert Rebuttal Reports Exchanged | August 1, 2008 |
| Deadline for Expert Depositions | September 19, 2008 |

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

JEANNE E. DAVIDSON
Director

/s Franklin E. White
FRANKLIN E. WHITE, JR.
Assistant Director

s/ David M. Hibey
DAVID M. HIBEY
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
1100 L Street, N.W.
Attn: Classification Unit
8th Floor
Washington, D.C. 20530
Tel: (202) 307-0163
Fax: (202) 514-8624

Attorneys for Defendant

By: /s/Erin E. Holbrook
ERIN E. HOLBROOK
Thurbon & McHaney, LP
2356 Gold Meadow Way, Suite 160
Gold River, CA 95670
Tel: (916) 636-1840
Fax: (916) 638-7530

Attorneys for Plaintiff

CERTIFICATE OF FILING

I hereby certify that on this 17th day of July, 2007, a copy of the foregoing "Joint Preliminary Status Report" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/ David M. Hibey